UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE GONCALVES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 10-10518-JLT |
| MICHAEL J. ASTRUE, | * | |
| Defendant. | * | |

MEMORANDUM

May 2, 2011

TAURO, J.

I.  Introduction

This case arises under 42 U.S.C. § 405(g), as a review of a denial of disability benefits by the Social Security Administration ("SSA"). Presently at issue are Plaintiff's Motion to Reverse the Decision of the Commissioner of Social Security [#9] and Defendant's Motion to Affirm the Commissioner's Decision [#13]. For the following reasons, Plaintiff's Motion to Reverse is DENIED and Defendant's Motion to Affirm is ALLOWED.

II.  Background

   A.  Facts

Plaintiff was born in Portugal and immigrated to the United States with a fourth grade education.[1] He worked in an auto-body repair shop from 1977 until 2004, when, according to

---

[1] Mem. Law Supp. Pl.'s Mot. Reverse or Remand Decision Commissioner Social Security Administration, 5 [#10] [hereinafter Pl.'s Mem. Supp. Mot. Reverse]; see Tr., 114 [#8].

Plaintiff, an industrial accident injured his shoulder.[2] He has not worked since.[3]

B.    Procedural History

On June 21, 2006, Plaintiff filed an application for Disability Insurance Benefits.[4] Plaintiff claimed an inability to work beginning January 23, 2004 due to a left shoulder injury and lower back pain.[5] On August 4, 2006, the Social Security Administration ("SSA") denied his application.[6] Plaintiff filed a timely Request for Reconsideration, which the SSA denied on October 26, 2006.[7] On November 2, 2006, Plaintiff filed a Request for a Hearing before an Administrative Law Judge ("ALJ").[8]

The ALJ, Sean Teehan, held the requested hearing on November 27, 2007.[9] The ALJ concluded that although Plaintiff is no longer able to perform either auto body repair or the full range of light work, there are jobs within the "light category" that he can perform.[10] On February 29, 2008, the ALJ thus denied Plaintiff disability benefits.[11]

---

[2] Tr., 106–07 [#8].

[3] Tr., 107 [#8].

[4] Tr., 94–96 [#8].

[5] See Tr., 94, 106 [#108].

[6] Tr., 63–65 [#8].

[7] See Tr., 66–75 [#8].

[8] Tr., 69 [#8].

[9] See Tr., 11 [#8]. Plaintiff was represented by his attorney at the hearing. See Tr., 31–58 [#8].

[10] Tr., 14 [#8].

[11] Tr., 18 [#8].

On April 25, 2008, Plaintiff filed a timely request for a Review of Hearing Decision with the SSA's Appeals Council.[12] The Appeals Council, in a decision dated March 10, 2010, declined to disturb the ALJ's decision.[13]

On March 27, 2010, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g).[14]

III.    Discussion

    A.    Standard of Review

When a district court reviews a final decision of the Commissioner of Social Security ("Commissioner"), it has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a hearing," but the court may not disturb the Commissioner's findings if they are supported by "substantial evidence."[15] If supported by substantial evidence, an ALJ's findings of fact are conclusive, "even if the record arguably could justify a different conclusion."[16] Substantial evidence, however, is "more than a scintilla of evidence that a reasonable person could find to support the result."[17] Substantial evidence exists only if "'a

---

[12] Tr., 4 [#8].

[13] Tr., 1–3 [#8].

[14] See Compl. [#1]. There is no dispute that Plaintiff has exhausted his administrative remedies. See Mem. Law Support Def.'s Mot. Affirm Commissioner's Decision, 2 [#14].

[15] 42 U.S.C. § 405(g).

[16] Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (citing Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981)).

[17] Burke v. Astrue, 2010 U.S. Dist. LEXIS 111593, at *12 (D. Mass. Aug. 6, 2010) (quoting Musto v. Halter, 135 F. Supp. 2d 220, 225 (D. Mass. 2001)).

3

reasonable mind, reviewing evidence in the record as a whole, could accept it as adequate to support the Commissioner's conclusion.'"[18] Even in the presence of substantial evidence, however, a court may review conclusions of law[19] and invalidate findings of fact that are "derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."[20]

B. Analysis

The SSA defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[21] A person qualifies as disabled if

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.[22]

To determine more specifically whether a person qualifies as disabled, the SSA has created

---

[18] Musto, 135 F. Supp. 2d at 225 (quoting Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal brackets omitted)).

[19] Slessinger v. Sec'y of Health & Human Servs., 835 F.2d 937, 939 (1st Cir. 1987) (citing Thompson v. Harris, 504 F. Supp. 653, 654 (D. Mass. 1980)).

[20] Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (citing Da Rosa v. Sec'y, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz, 955 F.2d at 769).

[21] 42 U.S.C. § 423(d)(1)(A).

[22] Id. § 423(d)(2)(A).

a five-step evaluation process.[23] The ALJ must determine sequentially (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals a listed impairment;[24] (4) whether the claimant can perform past relevant work; and (5) whether any jobs exist in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.[25]

Here, after evaluating each step, the ALJ properly denied Plaintiff's claim for total disability. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 23, 2004, the alleged onset date.[26] At step two, the ALJ concluded that Plaintiff has a severe impairment.[27] At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."[28] At step four, the ALJ found that Plaintiff was "unable to perform any past

---

[23] See 20 C.F.R. § 404.1520; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5 (1st Cir. 1982).

[24] The SSA has a list of impairments that it considers disabling per se. See 20 C.F.R. § 404.1520(d).

[25] Id. § 404.1520(a)(4)(i–v). For each of the first four steps, a claimant bears the burden of showing that he is disabled. After the claimant establishes that he can no longer perform his past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in substantial gainful activity. Rohrberg v. Apfel, 26 F. Supp. 2d 303, 306–07 (D. Mass. 1998).

[26] Tr., 13 [#8].

[27] Tr., 13 [#8]. The ALJ determined that Plaintiff has the following severe impairment: "partial tear of tendon in the left shoulder, status post arthroscopic surgery and subacromial decompression with adhesive capsulitis." Tr., 13 [#8].

[28] Tr., 14 [#8].

5

relevant work."[29] Finally, at step five, the ALJ determined that considering Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."[30] Specifically, the ALJ determined that Plaintiff has the residual functional capacity to perform "light work."[31]

Plaintiff argues that because the ALJ ignored an assessment of Plaintiff that favored Plaintiff's application for benefits, the ALJ's decision is not supported by substantial evidence.[32] The assessment at issue is a vocational assessment that was prepared by a licensed vocational rehabilitation counselor ("VRC"), who opined that there was no job on the market that Plaintiff could perform.[33]

Various courts have addressed the failure of ALJs to mention expert opinions in various ways, depending on the nature of the testimony and the circumstances of each case. In general, courts have upheld ALJs when they fail to discuss VRCs, as long as there is substantial other

---

[29] Tr., 16 [#8].

[30] Tr., 17 [#8].

[31] Tr., 14 [#8]. "Light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Light work" also involves work that requires walking or standing, or sitting most of the time with some pushing or pulling of arm or leg controls, although the weight lifted may be very little. See id. Consequently, the ALJ found that Plaintiff was able to perform the following jobs that existed in significant numbers in the national and regional economies: assembler and electronics assembler. Tr., 17–18 [#8].

[32] See Pl.'s Mem. Supp. Mot. Reverse, 11 [#10].

[33] See Pl.'s Mem. Supp. Mot. Reverse, 11 [#10].

6

evidence to support the final conclusion.[34]

No court in the First Circuit has addressed exactly this issue, however. In Nguyen v. Chater,[35] the First Circuit stated simply that decisions cannot be derived by "ignoring evidence."[36] And in a case in this district, the court explained that if an ALJ fails to explicitly indicate the weight given to relevant evidence, or if a reviewing court cannot tell if a piece of expert testimony was rejected or ignored, the case should be remanded.[37]

This court holds that the ALJ's findings are supported by substantial evidence. The ALJ based his findings on the medical opinion of an orthopedic surgeon,[38] Plaintiff's testimony of his daily activities, and the testimony of a vocational expert who addressed a hypothetical based on Plaintiff's limitations.[39] The findings were also consistent with an opinion rendered by Dr. Scolnick, the Disability Determination Services physician.[40]

The ALJ's failure to discuss specifically the VRC's vocational assessment does not

---

[34] See, e.g., Grindstaff v. Astrue, 2010 U.S. Dist. LEXIS 12611 (D.S.C. Feb. 12, 2010) (holding that an ALJ is not required to evaluate a vocational consultant's opinion); Kreft v. Astrue, No. SACV 07-350, 2008 U.S. Dist. LEXIS 109163 (C.D. Cal. Sep. 22, 2008) (holding that an ALJ's failure to discuss specifically a vocational counselor was not in error, because the ALJ stated that she had considered all of the evidence).

[35] 172 F.3d 31 (1st Cir. 1999).

[36] Id. at 35 (citing Da Rosa, 803 F.2d at 26; Ortiz, 955 F.2d at 769).

[37] Nguyen v. Callahan, 997 F. Supp. 179, 182 (D. Mass. 1998).

[38] See Tr., 16 [#8].

[39] See Tr., 18 [#8]. A vocational expert's testimony must be based upon a hypothetical question that accurately reflects the limitations of a claimant. See, e.g., Torres v. Sec'y of Health & Human Servs., No. 92-1460, 976 F.2d 724 (1st Cir. Sep. 23, 1992).

[40] See Tr., 605, 607 [#8].

warrant a remand. The ALJ's statement that he considered "all the evidence" establishes that the ALJ considered the entire record, including the assessment.[41] The ALJ therefore did not ignore the assessment. Rather, he considered and de facto rejected it.[42]

Further, in rendering a decision, the ALJ was not required to discuss each piece of evidence in the record specifically. The cases that Plaintiff relies upon, Chater and Callahan, are distinguishable from this case because both concern medical sources. Under the relevant regulations, a vocational counselor is not a "medical source" but merely an "other source" that an ALJ "may" consider.[43] Unlike a medical source, the use of an "other source" is entirely discretionary.[44] The various court rulings on the acceptability of ignoring VRC assessments can therefore be read consistently with Chater and Callahan, which both deal with non-discretionary testimony.

Finally, the vocational assessment was based largely on the medical opinion of Dr. Bienkowski, an opinion that the ALJ rejected in his decision. The ALJ found Dr. Bienkowski's report inconsistent and ultimately unpersuasive.[45] Because the vocational assessment was based on a piece of evidence that the ALJ discussed, the assessment is cumulative, not probative. For these reasons, this court affirms the decision of the ALJ.

---

[41] See Bowie v. Astrue, No. 08-773, 2010 U.S. Dist. LEXIS 44601, *19 (M.D. La. Mar. 23, 2010); Kreft, 2008 U.S. Dist. LEXIS 109163.

[42] See Bowie, 2010 U.S. Dist. LEXIS 44601, at *19.

[43] 20 C.F.R. § 404.1513(d).

[44] Anderson v. Astrue, 682 F. Supp. 2d 89, 96 (D. Mass. 2010) (affirming that an ALJ is not required to consider the testimony of an "other source").

[45] See Tr., 16 [#8]. Further, Plaintiff does not challenge this finding of the ALJ.

8

IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Reverse the Decision of the Commissioner of Social Security [#9] is DENIED and Defendant's Motion to Affirm the Commissioner's Decision [#13] is ALLOWED.

AN ORDER HAS ISSUED.

                                                    /s/ Joseph L. Tauro
                                                    United States District Judge